UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EARL BATES,<br>*Plaintiff,* | : | PRISONER<br>CIVIL NO3:02CV974(AVC)(TPS) |
| | : | |
| v. | : | |
| | : | |
| WARDEN MYERS ET AL,<br>*Defendant.* | : | DECEMBER 23, 2003 |

## DEFENDANTS' SECOND MOTION FOR ENLARGEMENT OF TIME TO FILE SUMMARY JUDGMENT MOTION

Pursuant to D. Conn. L. Civ. R. 7(b), the defendants Larry Myers and William Faneuff respectfully move for a forty five day enlargement of time to move for summary judgment in this case. The enlargement of time is necessary for the following reasons.

1. On December 16, 2003, defense counsel filed a reply brief in the matter Cox v. Commissioner of Correction which is currently pending before the Connecticut Supreme Court, docket number SC17114.

2. On December 18, 2003, defense counsel filed a reply brief in the matter Hunter v. Commissioner of Correction, which is currently pending before the Connecticut Supreme Court, docket number SC17115.

3. On December 23, 2003, defense counsel filed a reply brief in the matter Harris v. Commissioner of Correction, which is currently pending before the Connecticut Supreme Court, docket number SC 17078.

4. The undersigned is counsel of record in the matter OPA v. Choinski, et al, 3:03CV1352(RNC). Both plaintiffs' counsel and defense counsel have met for full day meetings on November 6, 2003, November 20, 2003, December 2, 2003, December 3, 2003. The undersigned has had additional lengthy meetings with her clients in addition to prepare for discussions with plaintiff's counsel. This case continues to take up a lot of defense counsel's time.

5. The undersigned is on standby for oral argument before the Connecticut Supreme Court the week of January 5, 2004 in the case Wiseman v. Armstrong S.C.16988.

6. The undersigned is scheduled to be out of state on vacation from December 24, 2003 until January 2, 2003.

7. In addition, the undersigned is responsible for approximately 140 other matters which are pending before the federal courts, state courts and the Office of the Claims Commissioner.

8. Defense counsel has, when time permitted, begun working on the motion for summary judgment in this matter. More specifically, defense counsel has pulled old files from storage that will give defendants grounds upon which to move for summary judgment in this case, ie. that plaintiff previously brought these claims, and settled them and thus has already received compensation for them.

Defense counsel sets forth the basis for the summary judgment motion that she anticipates filing as follows:

A. On or about June 6, 2002, plaintiff instituted this action, complaining about the policy at Northern that inmates in Phase I recreated in handcuffs and leg irons. On or about January 6,

2003, defendants moved to dismiss the matter for plaintiff's failure to exhaust administrative remedies. By memorandum of decision dated June 10, 2003, the court denied the motion to dismiss stating:

> The plaintiff attaches a grievance dated September 8, 1998, in which he raises his claim that the is unable to recreate with handcuffs and shackles on. The grievance indicates that the plaintiff was incarcerated at Northern Correctional Institution at that time. He claims that his health is deteriorating due to his inability to exercise. The plaintiff appealed the denial of the grievance on September 30, 1998. Hector Rodriguez rejected the plaintiff's appeal and indicated that the denial could not be appealed to Level 3. . . . Construing the plaintiff's complaint liberally as the court must when deciding a motion to dismiss, the court concludes that the plaintiff is alleging that he has been incarcerated at Northern since at least September 1998, and has been denied meaningful exercise because of the restraint policy employed by prison officials at Northern since that time. . . Because the plaintiff has alleged that he filed a grievance in 1998 raising the issue of recreational policy at Northern and appealed the denial of the grievance, the court concludes that the plaintiff has exhausted his claim of denial of meaningful recreation.

B. On or about June 28, 1999, plaintiff filed a claim with the Connecticut Office of the Claims Commissioner. In his claim, plaintiff complained that he was being denied one hour of recreation from several time periods including from 2-12-98 to 1-7-99 and 6/14/99-6/28/99. See attached claim hereto.

C. Thereafter, as part of a global settlement, through which he received $3,300 on or about January 12, 2001, plaintiff withdrew this claim. Plaintiff further agreed that the settlement resolved "all pending or potential federal lawsuits. . . existing as of the date of the settlement." See December 15, 2000 release attached hereto.

D. Thus, defendants plan on moving for summary judgment that plaintiff's claims on the grounds of res judicata. Plaintiff cannot settle his claim about the recreation policy at Northern, and then file a new suit complaining about it.

E. To the extent, the court holds that plaintiff is barred by res judicata from litigating claims regarding the recreation policy at Northern from September 1998 until December 15, 2000 and/or January 12, 2001, defendants plan on moving for summary judgment on plaintiff's remaining claims on the grounds that he failed to exhaust his administrative remedies. That is, plaintiff never appealed the denial of the level 1 grievance which he filed on or about April 15, 2002.

F. Finally, defendants anticipate moving for summary judgment on qualified immunity grounds. That is, defendants plan on submitting the affidavit of the Deputy Commissioner of Operations setting forth the numerous disciplinary reports plaintiff has received throughout his incarceration, which included assault on DOC staff, or attempted assault on DOC staff. Many of these assaults occurred while staff was attempting to remove plaintiff's handcuffs through the food trap. In addition, defendants plan on providing the court with numerous decisions that have upheld the use of restraints at recreation. See attached. Thus, defendants will argue that at a minimum, reasonable correctional staff could disagree over whether it was necessary to have plaintiff recreate in handcuffs, leg irons and a tether chain.

Wherefore, all the foregoing reasons, defendants seek an enlargement of time until February 10, 2004 to move for summary judgment in this matter.

DEFENDANTS

Warden Myers et al

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: Ann E. Lynch
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
Federal Bar No. Ct#08326
E-mail: ann.lynch@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 23rd day of December, 2003, first class postage prepaid, to:

Earl Bates, #179696
Garner Correctional Institution
50 Nunnawauk Road
P.O. Box 5500
Newtown CT 06470

Ann E. Lynch
Assistant Attorney General

5